In the Matter of the Probate of a Paper Propounded as the Last Will and Testament of MARY SWEENY, Deceased.

MARGARET SWEENY and Others, Appellants; DENIS SWEENY, Respondent.

First Department, July 13, 1917.

**Will — probate contested on grounds of fraud and undue influence — evidence not justifying verdict for contestants — evidence — past transactions showing family history.**

Appeal from a decree of the Surrogate's Court denying probate of a will upon the ground that the execution thereof was procured by fraud, deceit and undue influence. The testatrix left her estate to her daughters and gave to her sons only nominal bequests upon the ground stated in the will that they had, during her husband's lifetime, received ample advancements from him, etc. Evidence examined, and *held*, absolutely insufficient to support a finding of fraud or undue influence by the jury, and that the decree of the surrogate should be reversed and the will admitted to probate.

In such proceeding in the Surrogate's Court it was error to take evidence otherwise clearly inadmissible, upon the theory that it would place upon the record the whole history of the family of the testatrix.

APPEAL by Margaret Sweeny, proponent, and others from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 6th day of July, 1916, denying probate to a paper propounded as and for the last will and testament of Mary Sweeny, deceased, and also from an order entered in said Surrogate's Court on the 23d day of March, 1916, denying their motion to set aside the verdict of the jury herein.

*Michael J. Horan*, for the appellants.

*Jay Noble Emley* [*John Edmond Hewitt* with him on the brief], for the respondent.

DOWLING, J.:

Mary Sweeny died in the county of New York January 24, 1915, leaving a last will and testament dated July 21, 1914, whereby she left each of her three sons, Denis, James and Joseph, the sum of $50, stating that she made no other provision for them as her husband during his lifetime had made ample provision by transferring his business to them and advancing them large sums of money. To her daughter

Mary she left $10,000, to her daughter Esther $15,000, and the residue of her estate to her daughter Margaret. She had made a prior will October 25, 1910, by which she had left each of her sons $5, giving the same reason for her action, dividing the residue of her estate among her three daughters equally after leaving a granddaughter $1,000. The will was originally contested upon all the grounds usually urged, but on the trial the evidence was directed to the issue of undue influence and the case was submitted to the jury on that ground alone. The decree recites that the execution of the will was procured by fraud, deceit and undue influence and probate is refused for that reason. No useful purpose would be served by discussing at length the evidence in the case, in view of the fact that, in our opinion, the record is absolutely devoid of any testimony which in the slightest degree tends to support the verdict of the jury. There is nothing in the evidence which justified the submission of the issue to the jury, and the motion made at the close of the case by the attorney for the proponent to direct a verdict on the ground that the contestant had failed to sustain his objections should have been granted. There are many rulings upon questions of evidence which in themselves would have called for the reversal of the decree and the granting of a new trial, were it not for the conclusion we have reached as to the failure of the contestant to make out any case whatever. The history of the Sweeny family was allowed to be given in evidence before the jury for the purpose of exciting their sympathy or prejudice, and statements made by the husband of the decedent over twenty years ago were allowed to be given in evidence by the contestant, including statements made by the husband of testatrix (not in her presence) that he had turned his property over to her for the purpose of keeping it in her name until she died and then for her to give it to her children share and share alike. The contestant was allowed to testify as to injuries received by his brother James in the business and the circumstances under which he received them; he was also allowed to testify to all manner of personal transactions with his father and the details of his business with him, including alleged advances made to his father over twenty years before towards the purchase of

First Department, July, 1917.                    [Vol. 178.

certain real estate; also to what his father told the contestants' wife to do; also to transactions with his mother in his efforts to obtain loans from her eight or nine years before the will was made; with a variety of other incompetent and objectionable testimony, all of which was received in evidence upon the apparent theory, as was said in ruling upon the admission of one line of improper testimony, " This is simply to get in the whole history of the Sweeny family." The jury evidently did not decide the questions submitted to them upon the testimony, for there was absolutely no testimony upon which they could have founded their verdict. They must have decided the case upon the same theory which apparently was indicated by the learned surrogate when improper evidence was sought to be introduced in relation to the dealings of a firm composed of two of the sons and the wife of the contestant. In ruling upon the objection the learned surrogate said: " I will admit it on the question of undue influence. If this man was the one who created the business and was the brains of the family, it would have a bearing on that question, whether, under the conditions, his mother should not take care of him, and it is on that theory that I admit it." To this the appellants took exception.

There is no question whatever that Mary Sweeny was mentally competent to make a will; there is no question that her will was properly executed. The record is barren of any evidence justifying the finding of undue influence, fraud or deceit upon the part of anybody, even with all the improper and incompetent testimony in the record which was received upon the trial. Not only was there no evidence to support the verdict, but there was no evidence to warrant the submission of the issue of undue influence to the jury, and the motion to direct the probate of the will should have been granted.

The decree and order appealed from will, therefore, be reversed, with costs, and the will of the decedent ordered to be admitted to probate.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Decree and order reversed, with costs, and proceeding remitted to Surrogate's Court for further action in accordance with opinion.